# Exhibit A

Electronically Filed
12/19/2017 12:09 PM
Steven D. Grierson
CLERK OF THE COURT

**COHEN JOHNSON PARKER EDWARDS**
BLAIR C. PARKER, ESQ.
Nevada Bar No. 3222
JAMES L. EDWARDS, ESQ.
Nevada Bar No. 4256
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
Telephone: (702) 823-3500
Facsimile: (702) 823-3400
*Attorneys for Plaintiff*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| LAS VEGAS 360, LLC, a Nevada LLC, | |
| Plaintiff, | Case No.:     A-17-762580-C<br>Dept. No.:     XXIV |
| v. | |
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a foreign entity; CRAWFORD & COMPANY, a foreign entity, SHARON EMMON, d/b/a ENTERTAINMENT PRO INSURANCE, an individual, DOE INDIVIDUALS I-X; ROE ENTITIES XI-C, | |
| Defendants. | |

**AMENDED COMPLAINT**

COMES NOW Plaintiff LAS VEGAS 360, LLC (Hereinafter LV360) by and through its attorneys,

COHEN JOHNSON PARKER EDWARDS and James Edwards, Esq., complains, alleges, and

avers against defendants, and each one of them, as follows:

**THE PARTIES**

1.     Plaintiff LV360 is a Nevada business entity with a principal place of doing

business in Clark County, Nevada.

2.     Defendant New York Marine and General Insurance Company is a foreign

entity that nevertheless conducts insurance business in the State of Nevada and Clark County,

COHEN|JOHNSON|PARKER|EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

Page 1 of 12

Nevada.

     3.    Defendant Crawford & Company is foreign business entity that conducts independent adjusting services around the world, including Las Vegas, Clark County, Nevada.

     4.    Defendant Sharon Emmons is an individual residing in Clark County, Nevada, doing business as Entertainment Pro Insurance, an insurance broker who conducts business in Las Vegas, Clark County, Nevada.

     5.    Plaintiffs are ignorant of the true names and capacities, weather individual, corporate, associate, or otherwise, of Defendants sued herein as DOES I through X and ROE Corporations I through X and are unknown to plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiffs are informed and believe and therefore allege that each of the Defendants designated as DOES and ROE Corporations is responsible in some manner for the events and occurrences referred to in this complaint, or have been involved in harming Plaintiffs, as alleged herein. Plaintiffs will ask leave of the Court to amend this Complaint to insert the true names and capacities of DOES I through X and ROE Corporations I through X when the names have been ascertained and to join defendants in this action.

     6.    Plaintiffs are informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants sued herein was the agent, representative and or employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

///

COHEN|JOHNSON|PARKER|EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

**FACTUAL STATEMENT**

7.    On or about February 2, 2016, Plaintiff LV360 obtained a DICE PRODUCERS PORTFOLIO policy (1M201600003464), a commercial general liability policy (GL201600005830), and an umbrella policy issued by Defendant NYMGIC.

8.    The DPP policy promises to pay the insureds for "direct physical loss of or damage to Covered Property from any of the Covered Causes of Loss. The loss or damage must commence during the policy period." (See Exhibit 1, DPP, Coverage A).

9.    The DPP policy also promises to pay the insured for:

[A]ctual and necessary loss you sustain as Extra Expense due to the interruption, postponement or cancellation of an "Insured Production". The interruption, postponement or cancellation must be the direct result of direct physical loss of or damage to Covered Property from a Covered Cause of Loss during the policy period.

10.    Plaintiff LV360 at all times paid its premium to ensure that this coverage remained in place.

11.    Plaintiff's business was the production of a reality TV show focused on events and happenings in Las Vegas.

12.    The show was filmed at the Link of Las Vegas on TV set which had plaintiffs converted from a portable trailer.

13.    The show was in production, and plaintiffs had contracts for airing episodes of the show.

14.    On or about July 29, 2017, a third-party crane company negligently tried removing the set from the Link of Las Vegas premises. The TV set was too heavy for the crane, and the boom failed. This destroyed the TV set.

15.    The loss of the TV set prevented the show from moving forward. Plaintiff LV360 initially worked with the crane company and its insurer to see handle the claim. By August 8,

COHEN|JOHNSON|PARKER|EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

COHEN|JOHNSON|PARKER|EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

2016, however, plaintiff opened a claim through its own insurance company.

16.     The claim was assigned claim number LAX0007195.

17.     On or about August 17, 2016, Defendant Entertainment Pro had to intervene to see why the adjustor had not made on contact with the Plaintiff.

18.     On or about August 22, 2016, an individual from Crawford & Company made first contact with the plaintiff for the adjustment of the claim.

19.     An onsite inspection with the Crawford & Company inspector occurred on or about August 24, 2016. The Crawford employee took photographs and assessed the claim.

20.     Plaintiff LV360 created a drop-box account containing the necessary information, documentation, and forms to process the claim on August 26, 2016.

21.     Plaintiff re-sent the link to defendants on August 29, 2016.

22.     Plaintiff LV360 also made a claim for emergency funds under the resumption of business provisions of the policy on August 9, 2016. Plaintiffs were reassured by Crawford that it would follow up shortly about this.

23.     Plaintiff sent an email with notice of its damages to Defendants by September 9, 2016.

24.     By September 23. 2016, Plaintiff sent an email to Defendants informing defendants that all requested information had been provided and approximately 60 days had passed since the accident.

25.     Plaintiff left voicemails to defendants on September 23, 2016 asking for an update. Those voicemail messages were not answered.

26.     Plaintiff send an email to defendants on September 27, 2016 asking for an update. Plaintiff also asked how it could get first payment, noting that it was more than 60 days after the accident.

COHEN|JOHNSON|PARKER|EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

27.     Defendant Crawford & Company responded by saying that: (1) it had only case for 30 days; and (2) it needed more information, primarily receipts supporting the 360Las Vegas claim.

28.     Defendant Crawford & Company later that day (9.27,2016) advised Plaintiff that: (1) Plaintiff could take its time on compiling receipts; and (2) that Crawford and Company was recommending payment of initial claim in the amount of $75,000.00.

29.     Defendant Crawford & Company advised that ProSite would pay $74,088.41 as a payment on September 27, 2016.

30.     Plaintiff inquired whether the $74,088.41 was final payment on September 28, 2016.

31.     Defendant NYGMIC acknowledged it had received the Crawford & Company recommendation, and that it would process check right away.

32.     Plaintiff contacted Defendant NYGMIC on October 3, 2016 to see if the check had been mailed. There was no response.

33.     Plaintiff's Broker also contact NYGMIC and asked for help in determining if check had been mailed.

34.     Plaintiff contacted Defendant NYGMIC on October 5, 2016 asking for an update on payments.

35.     Plaintiff sent an email to all defendants on October 7, 2016 making sure that the state of loss form was received and adequate. Plaintiff asked for confirmation of the same.

36.     Defendant NYGMIC responded that the check was entered into the system and that check should be received in 3 to 4 days. Plaintiff sent an email thanking him.

37.     On or about November 8, 2016, Defendants claimed there was no coverage for business income, a claim Plaintiff was not making.

COHEN|JOHNSON|PARKER|EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

38.     Plaintiff emailed NYGMIC on November 9, 2015 asking for expert updates to the damaged stage. There was no response.

39.     Plaintiff also emailed Defendants requesting updates on Caesar's payments on accident claim and the second Arttec theft claim. There was no response.

40.     Plaintiff sent a series of requests for updates, but there were no answers.

41.     Defendant delayed in paying the Plaintiff's checks under the Palcisko and Arttec theft claims, the resumption of operations coverage, and liability coverage to Caesers from October 2016 through December 2016.

42.     From September 2016 through February 2017, Plaintiff regularly asked for clarification, information, guidance to assist the claim claims handlers of defendant. Defendants' responses were delayed or ignored.

43.     Defendants claims handling caused plaintiff to have to pay double deductibles by splitting the theft claims between the Palcisko claim and the Arttec claim.

44.     Plaintiff send Defendants multiple emails to Defendant during February 2017 requesting information and updates on payment.

45.     Defendants contacted the plaintiffs on February 21, 2014 and stated that they don't believe Plaintiffs put as much time into the construction of the stage as claimed.

46.     By February 21, 2017, Plaintiff responded back asking what information they could provide to satisfy the Defendant's concerns. Defendants have not responded.

47.     Defendants have not tendered the undisputed amount they owe to their insureds on the claim.

## FIRST CLAIM FOR RELIEF

### (For Breach Of Contract Against NYMGIC)

48.     By this reference, the Plaintiffs re alleges and incorporates the allegations

contained in Paragraph Nos. 1 through 47, inclusive, as if fully set forth herein.

49.     On or about February 02, 2016, in Plaintiffs and Defendant entered into a written agreement. By the terms of said written agreement, Policy Number: IM201600003464. The consideration set forth in the agreement was the fair and reasonable.

50.     Plaintiff has performed all conditions, covenants, and promises required by it on his part to be performed in accordance with the terms and conditions of the contract.

51.     Defendants, in concert with each other and those Defendants designated as DOES and ROE Corporations are responsible in some manner for the events and occurrences referred to in this complaint, or have been involved in harming Plaintiffs, as alleged herein, has failed to perform their contractual obligations and duties owed the Plaintiffs under said contract agreement.

52.     During the fall of 2016 and Winter of 2017 the Defendants breached the said agreement by not providing insurance described in the Policy and by failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed and subsequently to the same extent Plaintiffs have received no information whatsoever in violation of the Nevada Unfair Claims Practices Act, as well as in breach of the duty of Good Faith and Fair Dealing implicit in all Nevada contracts.

53.     As a direct and proximate result of Defendant breach of their contractual obligations to Plaintiffs, as herein alleged, the Plaintiffs have sustained damages in an amount in excess of $15,000.00.

///

///

///

///

COHEN|JOHNSON|PARKER|EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

**SECOND CLAIM FOR RELIEF**

**(Violation of the Nevada's Unfair Claims Practices Act)**

54.     By this reference, the Plaintiffs repeat and re-allege each and every allegation contained in Paragraph 1 through 53, inclusive, as though fully set forth herein and hereby incorporate the same by this reference.

55.     The Defendant has engaged in a pattern of unfair practices in violation of the Nevada Revised Statutes NRS 686A.310. Plaintiff alleges that NYMGIC'S violations of NRS 686A.310 include, but are not limited to, the following:

(a)     Failing to acknowledge and act reasonably promptly upon communications with respect to plaintiff's claims arising under the applicable insurance policies;

(b)     Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured.

(c)     Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.

(d)     Attempting to settle a claim by an insured for less than the amount to which a reasonable person would have believed he or she was entitled by reference to written or printed advertising material accompanying or made part of an application.

(e)     Delaying the investigation or payment of claims by requiring an insured or a claimant, or the physician of either, to submit a preliminary claim report, and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information.

COHEN|JOHNSON|PARKER|EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

COHEN|JOHNSON|PARKER|EDWARDS

255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

(f)     Failing to settle claims promptly, where liability has become reasonably

clear, under one portion of the insurance policy coverage in order to influence

settlements under other portions of the insurance policy coverage.

56.     Plaintiff reserves the right to allege other unfair claims practice acts as

discovery proceeds.

57.     Defendants' breach of NRS 686A.310 has proximately, legally and/or actually

caused past and future damage to the plaintiff.

58.     Plaintiff has been required to retain the services of an attorney to prosecute

this matter.

59.     Plaintiff's damages exceed $15,000.00.

## THIRD CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

60.     By this reference, the Plaintiffs repeat and re-allege each and every

allegation contained in Paragraph Nos. One (1) through 59, inclusive, as though fully set

forth herein and hereby incorporate the same by this reference.

61.     It is well settled in Nevada that 'every contract imposes upon the

contracting parties the duty of good faith and fair dealing.

62.     Plaintiff has met its duty of good faith in its contract with defendants.

63.     Defendants have breached this duty of good faith, as outlined above, including

the delay in payment to claimants, failure to respond the claimants, and failure to pay the

undisputed amount of the claim.

64.     Plaintiff reserves the right to allege other unfair claims practice acts as

discovery proceeds.

COHEN|JOHNSON|PARKER|EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

65.     Defendants' breach of the implied covenant of good faith and fair dealing has proximately, legally and/or actually caused past and future damage to the plaintiff.

66.     Plaintiff has been required to retain the services of an attorney to prosecute this matter.

67.     Plaintiff's damages exceed $15,000.00.

### FOURTH CLAIM FOR RELIEF

### (Bad Faith)

68.     By this reference, the Plaintiffs repeat and re-allege each and every allegation contained in Paragraph Nos. One (1) through 67, inclusive, as though fully set forth herein and hereby incorporate the same by this reference.

69.     Insurance companies owe a fiduciary-like duty to their insureds.

70.     An Insurance company knows, or should know, that consumers obtain insurance to gain protection, peace of mind, and security against calamity.

71.     In fulfilling this duty, insurance companies must treat claimants in good faith, which

includes, but are not limited to, the following standards:

1.     The insurance company must treat the insured's interests equal to the interests of the insurance company.

2.     The insurance company should assist it's insured with the claim.

3.     The insurance company must let the insured know all insurance benefits, coverages, and time limits that apply to a claim.

4.     The Insurance company must promptly, fully, and fairly investigate, evaluate and adjust the claim.

COHEN|JOHNSON|PARKER|EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

5.    The insurance company must pay the undisputed amounts within 30 days.

6.    The insurance company must base decisions on complete, reasonable and unbiased information.

72.    Defendants have committed bad faith in the handling of plaintiff's claim by putting its interest ahead of the plaintiff's interests, failing to assist the plaintiff in the claim, delaying its investigation, delaying its evaluation of the claim, delaying the adjustment of the claim, failing to pay undisputed amounts due under the policy in under 30 day, failing to pay undisputed amounts under the policy, failing to communicate with insureds, failing to assist the plaintiff in the handling of the claim.

73.    Plaintiff reserves the right to rely on other instances of bad faith at a later time and as discovery proceeds.

74.    Defendants' bad faith has proximately, legally and/or actually caused past and future damage to the plaintiff.

75.    Plaintiff has been required to retain the services of an attorney to prosecute this matter.

76.    Plaintiff's damages exceed $15,000.00.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For compensatory damages in a sum in excess of $15,000.00 for each of the above-stated Causes of Action:

2.    For punitive, exemplary and extra contractual damages;

3.    For legal pre-judgment interest at the highest rate allowable;

4.    For reasonable attorney's fees and costs of suit;

Page 11 of 12

5.      That due to Plaintiff's age, Plaintiff is entitled an expedited and preferential

trial setting; and

6.      For any such further relief this Court deems appropriate in the premises.

Dated this 19th day of December 2017.

COHEN JOHNSON PARKER EDWARDS

By: _____
JAMES L. EDWARDS, ESQ.
Nevada Bar No. 4256
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
Telephone: (702) 823-3500
Facsimile: (702) 823-3400
*Attorneys for Plaintiff*

COHEN|JOHNSON|PARKER|EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400